1
2
3
4
5
6

7
8

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

9
10

ARGONAUT INSURANCE COMPANY, an
Illinois corporation,

11
12

                    Plaintiff,

                    v.

13
14

SEATTLE LAKES CRUISES, LLC, a
Washington limited liability company,

                    Defendants.

IN LAW AND ADMIRALTY

Case No. _____

**COMPLAINT FOR DECLARATORY**
**JUDGMENT**

15
16
17

        Plaintiff Argonaut Insurance Company ("Argonaut") makes the following complaint

for declaratory judgment:

18
19

## I.  NATURE OF THIS ACTION

        1.      This is an action for declaratory relief under 28 U.S.C. § 2201 and Fed. R.

20
21

Civ. P. 57 to obtain a judicial declaration as to Argonaut's obligation to provide insurance

coverage and/or a defense to Seattle Lakes Cruises, LLC ("Seattle Lakes Cruises"), relating

22
23

to pending lawsuits for breach of contract and negligence filed against Seattle Lake Cruises

by West Star Yacht LLC ("West Star Yacht") in the United States District Court for the

Western District of Washington (West Star Yacht LLC v. Seattle Lakes Cruises LLC, Case

COMPLAINT FOR DECLARATORY JUDGMENT - Page 1
Case No. _____

{29486-00698851;1}

No. 2:21-cv-00223) and in the United States District Court for the Middle District of Florida (West Star Yacht, LLC v. Seattle Lakes Cruises, LLC, Case No. 2:20-cv-00574) (collectively the "Underlying Actions").

2.      Argonaut declined a tender to provide a defense, coverage, or indemnity to Seattle Lakes Cruises under Argonaut Policy Nos. KDH-1001-W16,  KDH-1001-W17, KDH-1001-W18, and KDH-1001-W19.

3.      In this action, Argonaut seeks the following relief:

(a)    A declaratory judgment that Argonaut owes no duty to indemnify Seattle Lakes Cruises  in connection with the Underlying Actions under Argonaut Policy Nos. KDH-1001-W16,  KDH-1001-W17, KDH-1001-W18, and KDH-1001-W19; and

(b)    A declaratory judgment that Argonaut owes no duty to defend Seattle Lakes Cruises  in connection with the Underlying Actions under Argonaut Policy Nos. KDH-1001-W16,  KDH-1001-W17, KDH-1001-W18, and KDH-1001-W19.

## II. <u>PARTIES</u>

4.      Plaintiff Argonaut is a corporation organized and existing under the laws of Illinois with a principal place of business in Texas.

5.      Argonaut is an insurer licensed to do business in Washington and is engaged, among other things, in the business of insuring marine risks.

6.      Defendant Seattle Lakes Cruises is a limited liability company organized and existing under the laws of the State of Washington with a principal place of business in Seattle, King County, Washington.

COMPLAINT FOR DECLARATORY JUDGMENT - Page 2
Case No. _____
{29486-00698851;1}

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WA 98106

### III. <u>JURISDICTION AND VENUE</u>

7.     Jurisdiction is vested in this Court by virtue of the general maritime law, 28 U.S.C. § 1333, and Fed. R. Civ. P. 9(h).

8.     Jurisdiction also is vested in this Court by virtue of 28 USC § 1332; the parties are citizens of different states and the amount in controversy exceeds the sum value of $75,000, exclusive of interest and costs.

9.     Venue in this district is proper under 28 U.S.C. § 1391(b).

### IV. <u>FACTS</u>

#### <u>The Underlying Actions</u>

10.     On or about August 7, 2020, non-party West Star Yacht filed a lawsuit bearing Case No. 2:20-cv-00574 against Seattle Lakes Cruises in the United States District Court for the Middle District of Florida, Fort Meyers Division ("The Florida Suit").

11.     A true and correct copy of West Star Yacht's Complaint filed in The Florida Suit is attached hereto as **Exhibit A**.

12.     In The Florida Suit, West Star Yacht alleged Seattle Lakes Cruises agreed to lease a vessel known as the M.V. HARBOR LADY ("HARBOR LADY") from an entity known as Bikini Yacht Club Inc.

13.     In The Florida Suit, West Star Yacht alleged the terms of lease agreement described in the preceding paragraph were set forth in a written agreement entitled "Bareboat Charter Agreement."  West Star Yacht attached the subject Bareboat Charter Agreement as an exhibit to its complaint in The Florida Suit.

14.     The Bareboat Charter Agreement referenced in the preceding paragraph is dated May 18, 2015.  There is an addendum to the Bareboat Charter Agreement dated May

COMPLAINT FOR DECLARATORY JUDGMENT - Page 3
Case No. _____

{29486-00698851;1}

Le Gros Buchanan
& Paul
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WA 98106

18, 2015, as well as a "First Amendment" signed April 28 and 29, 2016, and a Second Addendum dated August 25, 2016.

15.     In The Florida Suit, West Star Yacht alleged Seattle Lakes Cruises operated the HARBOR LADY in Seattle Lakes Cruises' "business of chartering commercial boat excursions."

16.     In The Florida Suit, West Star Yacht alleged the Bareboat Charter Agreement "required" Seattle Lakes Cruises to:

    a.   "At its cost and expense keep the Vessel seaworthy and in good repair and working order furnishing all parts, mechanisms, devices and service required to do so.

    b.   "Maintain a maintenance and repair log listing all maintenance and repair completed on the Vessel during the term of the Agreement, providing the owner with a copy provided to the owner annually, and;

    c.   "Inspect the hull of the Vessel, including all electrolysis prevention equipment, making all appropriate repairs to maintain the seaworthy integrity of the hull.

    d.   "Complete oil changes at least semi-annually and provide a copy of the oil analysis report to the owner annually…"

17.     In The Florida Suit, West Star Yacht alleged the Bareboat Charter Agreement also "obligated" Seattle Lakes Cruises "to surrender the vessel to the owner at the expiration of the charter term in as good condition as when" Seattle Lakes Cruises "took delivery from the owner, less ordinary wear and tear."

18.     In The Florida Suit, West Star Yacht alleged that at or about the time the

COMPLAINT FOR DECLARATORY JUDGMENT - Page 4
Case No. _____

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WA 98106

HARBOR LADY was leased by Bikini Yacht Club to Seattle Lakes Cruises in 2015, a dry dock examination was performed confirming the HARBOR LADY was seaworthy.

19.     In The Florida Suit, West Star Yacht alleged that on May 18, 2018, Bikini Yacht Club sold the HARBOR LADY to West Star Yacht, and that West Star Yacht renamed HARBOR LADY "The West Star" (hereinafter "WEST STAR" or "Vessel").

20.     In The Florida Suit, West Star Yacht alleged that in connection with the sale of the HARBOR LADY, Bikini Yacht Club assigned to West Star Yacht its rights and interests in its lease of the Vessel to Seattle Lakes Cruises.

21.     On or about January 2, 2020, Seattle Lakes Cruises turned over the WEST STAR to her owner, West Star Yacht, in accordance with the expiration of the charter term.

22.     In The Florida Suit, West Star Yacht alleged "at or about January 29, 2020 a dry dock inspection was conducted by the U.S. Coast Guard.  At that time the Vessel was found to be unseaworthy after the Vessel failed numerous vessel inspection requirements. Among other things numerous parts of the frame were characterized as wasted, actively leaking water, and requiring extensive remediation."

23.     In The Florida Suit, West Star Yacht alleged "[t]he damage to the Vessel discovered by the U.S. Coast Guard was not limited to ordinary wear and tear, but rather it included extensive structural damage compromising the structural integrity of the Vessel."

24.     In The Florida Suit, West Star Yacht alleged "as a result of" Seattle Lakes Cruises' "failure to maintain and document the condition of the Vessel, and return the Vessel in as good as condition as when it was delivered from the original owner, less ordinary wear and tear," West Star Yacht "has been forced to pay the cost of repairs of approximately $480,000."

COMPLAINT FOR DECLARATORY JUDGMENT - Page 5
Case No. _____

{29486-00698851;1}

LE GROS BUCHANAN & PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WA 98106

25.     In The Florida Suit, West Star Yacht alleged it "has also sustained an economic loss from its inability to collect rent or revenue since February 2020 resulting in a loss of income of $6,500 per month, or $39,000 through July 2020."

26.     In The Florida Suit, West Star Yacht alleged an entitlement to reasonable attorneys' fees along with costs incurred both before and after judgment pursuant to the terms of the Bareboat Charter Agreement and "as successor in interest to the original owner" Bikini Yacht Club.

27.     In The Florida Suit, West Star Yacht alleged negligence and breach of contract causes of action against Seattle Lakes Cruises.

28.     In The Florida Suit, West Star Yacht alleged Seattle Lakes Cruises, at all relevant times, owed West Star Yacht a "duty of care," under maritime law and under "the common law of the State of Washington," to maintain and repair the WEST STAR pursuant to the obligations that Seattle Lakes Cruises assumed under the Bareboat Charter Agreement. West Star Yacht further alleged Seattle Lakes Cruises "negligently failed to meet its duty of care by failing to inspect and maintain the Vessel, and as a direct and proximate result thereof" caused West Star Yacht to sustain damages.

29.     In the Florida Suit, West Star Yacht alleged Seattle Lakes Cruises breached the Bareboat Charter Agreement, under "the common law of the State of Washington" "by failing to maintain the Vessel in a seaworthy condition" and in so doing caused West Star Yacht Damages.

30.     In The Florida Suit, West Star Yacht also alleged it suffered damages as a result of Seattle Lakes Cruises' breach of the Bareboat Charter agreement under the maritime law.

COMPLAINT FOR DECLARATORY JUDGMENT - Page 6
Case No. _____
{29486-00698851;1}

31.     On February 22, 2021, the United States District Court for the Middle District of Florida entered an order transferring The Florida Suit to the United States District Court for the Western District of Washington.  The suit is now pending in the United States District Court for the Western District of Washington and bears Case No. 2:21-cv-00223-RSM ("The Washington Suit").

32.     On April 6, 2021, West Star Yacht filed an Amended Complaint in The Washington Suit.  A true and correct copy of this Amended Complaint and the exhibits thereto are attached as **Exhibit B**.

33.     In the Amended Complaint filed in The Washington Suit, West Star Yacht alleges the same breach of contract and negligence causes of action as it alleged in The Florida Suit.

34.     The facts alleged and relief sought by West Star Yacht in the Amended Complaint filed in The Washington Suit are the same as it plead in The Florida Suit except that West Star Yacht now alleges higher repair costs, alleges greater loss of income over a longer period of time, and alleges higher damages.

### THE ARGONAUT HULL AND MACHINERY / PROTECTION AND INDEMNITY POLICIES AND RENEWAL CERTIFICATES

35.     As described in further detail below, Argonaut provided Seattle Lakes Cruises with certain Hull and Machinery and Protection and Indemnity insurance between March 19, 2016, and March 19, 2020.

36.     Between March 19, 2016, and March 19, 2017, Argonaut issued a Hull and Machinery / Protection and Indemnity Policy bearing Policy No. KDH-1001-W16 to Seattle Lakes Cruises.  Seattle Lakes Cruises was a named insured on this policy.

COMPLAINT FOR DECLARATORY JUDGMENT - Page 7
Case No. _____

{29486-00698851;1}

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WA 98106

37.     A true and correct copy of the Hull and Machinery / Protection and Indemnity Policy bearing Policy No. KDH-1001-W16 referred to in the preceding paragraph is attached hereto as **Exhibit C.**

38.     The Hull and Machinery / Protection and Indemnity Policy bearing Policy No. KDH-1001-W16 was renewed for the period of March 19, 2017, through March 19, 2018, by way of a renewal certificate bearing Policy Number KDH-1001-W17.

39.     A true and correct copy of the renewal certificate referred to in the preceding paragraph is attached hereto as **Exhibit D**.

40.     Argonaut renewed the Hull and Machinery / Protection and Indemnity Policy referred to in the preceding paragraphs for March 19, 2018, to March 19, 2019, by way of a renewal certificate bearing Policy No. KDH-1001-W18.  Seattle Lakes Cruises remained a named insured on this policy.

41.     A true and correct copy of the Hull and Machinery / Protection and Indemnity renewal certificate bearing Policy No. KDH-1001-W18 referred to in the preceding paragraph is attached hereto as **Exhibit E**.

42.     Argonaut issued a Hull and Machinery / Protection and Indemnity Policy bearing Policy No. KDH-1001-W19 for the period of March 19, 2019, through March 19, 2020.  Seattle Lakes Cruises is a named insured on this policy.

43.     A true and correct copy of the Hull and Machinery / Protection and Indemnity Policy bearing Policy No. KDH-1001-W19 referred to in the preceding paragraph is attached hereto as **Exhibit F**.

44.     The Schedule of Vessels on the Marine Policy Declarations page for Hull and Machinery / Protection and Indemnity Policies Nos. KDH-1001-W16,  KDH-1001-W17,

COMPLAINT FOR DECLARATORY JUDGMENT - Page 8
Case No. _____

{29486-00698851;1}

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WA 98106

KDH-1001-W18, and KDH-1001-W19 identify WEST STAR as a vessel insured under both the Hull and the Protection and Indemnity coverages.

45.     The vessel WEST STAR was placed on Port Risk effective April 5, 2016, and removed from Port Risk effective July 1, 2016, by way of endorsements to Policy No. KDH-1001-W16.  A true and correct copy of these endorsements are attached as **Exhibit K**.

46.     The WEST STAR was removed from policy KDH-1001-W19 effective January 2, 2020, when Seattle Lakes Cruises returned WEST STAR to West Star Yacht.

47.     A true and correct copy of the endorsement removing WEST STAR from policy KDH-1001-W19 is attached hereto as **Exhibit K**.

## P&I CLAUSES

48.     The Protection and Indemnity clauses provided in Policies Nos. KDH-1001-W16,  KDH-1001-W17, KDH-1001-W18, and KDH-1001-W19 (collectively "P&I Clauses") provide in pertinent part as follows:

**PROTECTION AND INDEMNITY CLAUSES**

In consideration of the premium and subject to the warranties, terms and conditions herein mentioned, this Company hereby undertakes to pay up to the amount hereby insured…such sums as the assured, as owner of the [WEST STAR, per the declarations page] shall have become legally liable to pay and shall have paid on account of:
…
Loss of, or damage to, or expense in connection with any fixed or moveable object or property of whatever nature;
…
Costs and expenses, incurred with the Company's approval, of investigating and/or defending any claim or suit against the assured arising out of a liability or an alleged liability of the assured covered by this policy.

Notwithstanding the foregoing this Company will not pay for:
Loss of, or damage sustained by the vessel named herein or her tackle, apparel, furniture, boats, fittings, equipment, stores, fuel, provisions or appurtenances;
Loss resulting from cancellation of charters…detention, loss of use or demurrage of the vessel named herein;

COMPLAINT FOR DECLARATORY JUDGMENT - Page 9
Case No. _____

{29486-00698851;1}

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WA 98106

…
Any loss, damage, expense or claim collectible under the **American Institute Hull clauses (1977)** form of policy, whether or not the vessel named herein is actually covered by such insurance and regardless of the amount thereof.

49.     In the Underlying Actions against Seattle Lakes Cruises, West Star Yacht alleges Seattle Lakes Cruises is liable for damage to the WEST STAR and loss of use damages.

50.     The WEST STAR is a named insured vessel under the P&I Clauses, and damage to her is excluded under the P&I Clauses.

51.     The P&I Clauses do not provide coverage for loss resulting from cancellation of charters, loss of use, or demurrage of the WEST STAR.

52.     The P&I Clauses do not provide coverage for any loss, damage, expense or claim collectible under the American Institute Hull clauses (1977) form of policy, whether or not the WEST STAR is actually covered by such insurance and regardless of the amount thereof.

53.     The P&I Clauses do not provide coverage for the claims asserted against Seattle Lakes Cruises by West Star Yacht in the Underlying Actions.

54.     Because the P&I Clauses do not provide coverage for the claims asserted against Seattle Lakes Cruises by West Star Yacht in the Underlying Actions, the P&I Clauses do not require Argonaut to provide Seattle Lakes Cruises with a defense in the Underlying Actions.

## HULL CLAUSES

55.     The Hull and Machinery clauses provided in Policies Nos. KDH-1001-W16, KDH-1001-W17, KDH-1001-W18, and KDH-1001-W19 (collectively hereinafter the "Hull Clauses") provide in pertinent part as follows:

COMPLAINT FOR DECLARATORY JUDGMENT - Page 10
Case No. _____

{29486-00698851;1}

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WA 98106

**AMERICAN INSTITUTE HULL CLAUSES**

…

**PERILS**

Touching the Adventures and Perils which the Underwriters are contented to bear and take upon themselves, they are of the Seas, Men-of-War, Fire, Lightning, Earthquake, Pirates, Rovers, Assailing Thieves, Jettisons, Letters of Mart and Counter-Mart, Surprisals, Takings at Sea, Arrests, Restraints and Detainments of all Kings, Princes and Peoples, of what nation, condition or quality whatsoever, Barratry of the Master and Mariners and of all other like Perils, Losses and Misfortunes that have or shall come to the Hurt, Detriment or Damage of the Vessel, or any part thereof, excepting, however, such of the foregoing perils as may be excluded by provisions elsewhere in the Policy or by endorsement thereon.

**ADDITIONAL PERILS (INCHAMAREE)**

Subject to the conditions of this Policy, this insurance also covers loss of or damage to the Vessel directly caused by the following:

…

6. Negligence of Charterers and/or Repairers, provided such Charters and/or Repairers are not an Assured hereunder;

7. Negligence of Masters, Officers, Crew or Pilots;

Provided such loss or damage has not resulted from want of due diligence by the Assured, the Owners or Managers of the Vessel, or any of them….

…

**COLLISION LIABILITY**

And it is further agreed that:

1.  If the Vessel shall come into collision with any other ship or vessel, and the Assured or the Surety in consequence of the Vessel being at fault shall become liable to pay and shall pay by way of damages to any other person or persons any sum or sums in respect of such collision, the Underwriters will pay the Assured or Surety, whichever shall have paid, such proportion of such sum or sums so paid as their respective subscriptions hereto bear to the Agreed Value, provided always that their liability in respect to any one such collision shall not exceed their proportionate part of the Agreed Value;

2. In cases where, with the consent in writing of a majority (in amount) of Hull Underwriters, the liability of the Vessel has been contested, or proceedings have been take to limit liability, the Underwriters will also pay a like proportion of the costs which the Assured shall thereby incur or be compelled to pay.

…

COMPLAINT FOR DECLARATORY JUDGMENT - Page 11
Case No. _____

{29486-00698851;1}

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WA 98106

56.     With the exception of liability for collisions, the Hull Clauses provide Seattle Lakes Cruises with first party coverage for damage to the insured vessels, including the WEST STAR.

57.     First party insurance coverage does not involve a duty to provide the insured with a legal defense.

58.     In the Underlying Actions, West Star Yacht does not allege any loss of use or property damage arising out of a collision.

59.     The Hull Clauses do not require Argonaut to provide Seattle Lakes Cruises with a defense in the Underlying Actions.

60.      The Hull Clauses do not require Argonaut to indemnify Seattle Lakes Cruises against any of the third party claims made against it by West Star Yacht in the Underlying Actions.

## THE ARGONAUT COMMERCIAL MARINE LIABILITY POLICIES AND RENEWAL CERTIFICATES

61.     In addition to the Hull and Machinery / Protection and Indemnity insurance policies described above, and as described in detail below, Argonaut provided Seattle Lakes Cruises with a Commercial Marine Liability insurance, with attendant endorsements and additional coverage forms, between March 19, 2016, and March 19, 2020.

62.     Between March 19, 2016, and March 19, 2017, Argonaut issued a Commercial Marine Liability policy bearing Policy No. KDH-1001-W16 to Seattle Lakes Cruises.  Seattle Lakes Cruises was a named insured on this policy.

63.     A true and correct copy of the Commercial Marine Liability bearing Policy No. KDH-1001-W16 referred to in the preceding paragraph is attached hereto as **Exhibit G.**

COMPLAINT FOR DECLARATORY JUDGMENT - Page 12
Case No. _____

{29486-00698851;1}

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WA 98106

64.     The Commercial Marine Liability Policy bearing Policy No. KDH-1001-W16 was renewed for the period of March 19, 2017, through March 19, 2018, by way of a renewal certificate bearing Policy Number KDH-1001-W17.

65.     A true and correct copy of the renewal certificate referred to in the preceding paragraph is attached hereto as **Exhibit H**.

66.     The Commercial Marine Liability Policy referred to in the preceding paragraphs was renewed for the period of March 19, 2018, and March 19, 2019, by way of a renewal certificate bearing Policy Policy No. KDH-1001-W18 to Seattle Lakes Cruises. Seattle Lakes Cruises was a named insured on this policy.

67.     A true and correct copy of the renewal certificate bearing Policy No. KDH-1001-W18 referred to in the preceding paragraph is attached hereto as **Exhibit I**.

68.     Between March 19, 2019, and March 19, 2020, Argonaut issued a Commercial Marine Liability Policy bearing Policy No. KDH-1001-W19 to Seattle Lakes Cruises.  Seattle Lakes Cruises was a named insured on this policy.

69.     A true and correct copy of the renewal policy referred to in the preceding paragraph is attached hereto as **Exhibit J**.

COMMERCIAL MARINE LIABILITY COVERAGE

70.     The Commercial Marine Liability policies Nos. KDH-1001-W16,  KDH-1001-W17, KDH-1001-W18, and KDH-1001-W19 (collectively hereinafter the "CML Policies," and attached to this Complaint as **Exhibits G, H, I, and J**) provide in pertinent part as follows:

COMMERCIAL MARINE LIABILITY
    **Section 1 – Bodily Injury and Property Damage Liability**

COMPLAINT FOR DECLARATORY JUDGMENT - Page 13
Case No. _____

{29486-00698851;1}

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WA 98106

**1. Insuring Agreement**

(a) The Company will pay those sums that the Assured, while acting in the capacity of the business descriptions indicated in the Declarations, becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  The Company will have the right and duty to defend the Assured against any "suit" seeking those damages.  However, the company will have no duty to defend the Assured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply…

…

**2. Exclusions**

**This insurance does not apply to:**
…
(b) Contractual Liability

> … "[P]roperty damage" for which the Assured is obligated to pay damages by reason of the assumption of liability in contract or agreement.  This exclusion does not apply to liability for damages;

> (1) That the Assured would have in the absence of the contract or agreement…

…

(f) Aircraft, Auto or Watercraft
> … "[P]roperty damage" arising out of the ownership, maintenance, use or entrustment to others of any…watercraft owned or operated by or rented or loaned or chartered to any Assured or as arising out of the ownership, charter operation, or navigation of any watercraft owned or chartered by others.  Use includes operation and "loading or unloading".
> This exclusion does not apply to:
> > (1) Such watercraft while ashore on premises the Assured owns or rents;
> > (2) Such watercraft that the Assured does not own that is
> > > (a) Less than 26 feet long; and
> > > (b) Not being used to carry person or property for a charge;

…

(i) Damage to Property

> "Property damage" to:
> (1) Property the Assured owns, rents, or occupies;
> …
> (3) Property loaned to the Assured;
> (4) Personal property in the care, custody or control of the Assured…

COMPLAINT FOR DECLARATORY JUDGMENT - Page 14
Case No. _____

Le Gros Buchanan
& Paul
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WA 98106

**ENDORSEMENT: MARINE EQUIPMENT FLOATER**
   **This Endorsement Changes The Policy.  Please Read It Carefully.**
   …
   We will pay for direct physical loss of or damage to Covered Property whether on a vessel, on shore or, otherwise caused by or resulting from any Covered Cause of Loss.

**Covered Property**
   Covered Property includes the property described in this section that is owned by or is under the care, custody and control of the Assured and not specifically excluded elsewhere in this endorsement.
   A.  Tools and Equipment, meaning small tools and equipment used in the operation of the assureds' business.
   B. Inventory or Supplies, meaning items held for sale or use by the assureds' business.
   C.  Office fixtures, furniture or equipment used solely for operation of the assureds' business.

**Property Excluded:**
   A.  …[W]atercraft (except motors, parts, equipment, and accessories not attached to watercraft)…

   …

71.     The WEST STAR (ex HARBOR LADY) is a watercraft.

72.     The WEST STAR (ex HARBOR LADY) is longer than 26 feet long.

73.     Seattle Lakes Cruises used WEST STAR (ex HARBOR LADY) to carry persons for a charge.

74.     The WEST STAR (ex HARBOR LADY) was operated by and/or rented to and/or loaned to and/or charted to and/or used by Seattle Lakes Cruises pursuant to the May 18, 2015, Bareboat Charter Agreement, as amended.

75.     The WEST STAR (ex HARBOR LADY) was under Seattle Lakes Cruises care, custody, and control from a date in June 2015 through January 2, 2020 (the "Charter Period").

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WA 98106

76.     In the Underlying Actions, West Star Yacht alleges it suffered damages arising out of Seattle Lakes Cruises' charter of the WEST STAR (ex HARBOR LADY) during the Charter Period.

77.     In the Underlying Actions, West Star Yacht does not allege the WEST STAR (ex HARBOR LADY) was damaged while ashore on premises that Seattle Lakes Cruises owns or rents.

78.     Damage to WEST STAR (ex HARBOR LADY) and damage arising out of the WEST STAR (ex HARBOR LADY) is an excluded loss under the CML Policies and Marine Equipment Floater endorsement.

79.     To the extent West Star Yacht alleges Seattle Lakes Cruises is liable for damages by reason of the assumption of liability in contract or agreement, that Seattle Lakes Cruises would not have in the absence of that contract or agreement, that loss is excluded by the CML Policies and/or the Marine Equipment Floater endorsement.

80.     To the extent West Star Yacht alleges Seattle Lakes Cruises is liable for anything that is not "bodily injury" or "property damage," those losses are not covered by the CML Policies and/or the Marine Equipment Floater endorsement.

81.     The CML Policies and Marine Equipment Floater endorsement do not provide coverage for any of the claims asserted against Seattle Lakes Cruises by West Star Yacht in the Underlying Actions.

82.     The CML Policies and Marine Equipment Floater endorsement do not require Argonaut to provide Seattle Lakes Cruises with a defense in the Underlying Actions.

83.     The CML Policies and Marine Equipment Floater endorsement do not require Argonaut to indemnify Seattle Lakes Cruises in the event Seattle Lakes Cruises is found

COMPLAINT FOR DECLARATORY JUDGMENT - Page 16
Case No. _____
{29486-00698851;1}

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WA 98106

liable in the Underlying Actions.

### MARINA OPERATORS LIABILITY AND
### MARINA OPERATORS PROTECTION & INDEMNITY COVERAGE FORMS

84.     The CML Policies include a Marina Operators Liability and a Marina

Operator's Protection and Indemnity coverage form.  These coverage forms provide in

pertinent part as follows:

**MARINA OPERATORS LIABILITY**

**I.  Insuring Agreement**
This Company agrees to pay on behalf of the Named Assured all sums which the
Named Assured, as Marina Operator, shall become legally obligated to pay:
A.  For all physical loss or damage to watercraft…or the property of others occurring
only while in the care, custody or control of the Named Assured at the Named
Assured's location for any of the following operations:
    1. Repair, alterations or maintenance;
    2. Storage
    3. Mooring at slips, spaces or buoys rented by the Named Assured;
    4.  Hauling out or launching;
    5. Fueling operations
B.   "Defense Costs" as described in the Commercial Marine Liability General
Conditions.

…

**II.  Exclusions**
This insurance does not apply to:
    …
    B.  Liability assumed under contract or otherwise an extension of the liability
    imposed on you by law
    …
    D.   Demurrage, detention, loss of time…loss of charter, loss of use and/or
    similar and/or substituted expenses.
    E.   Loss, damage…or expense which may be recoverable under any other
    insurance carried by the Named Assured or by others for account of the Named
    Assured except insurance covering part of this risk insured in conjunction
    herewith…
    F.  …[A]ll other liabilities insured against under the customary forms of hull
    and equipment policies…arising out of the ownership, charter, operation or
    navigation of any watercraft owned by, or demise chartered to, the Named
    Assured or as owner or chartered by others.  This exclusion applies even if the

COMPLAINT FOR DECLARATORY JUDGMENT - Page 17
Case No. _____

{29486-00698851;1}

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WA 98106

claims against any Assured allege negligence or other wrongdoing in the supervision, hiring, employment, or monitoring of others by that Assured."

…

L.   Loss or damage to…watercraft…in which the Named Assured…owns, borrows, leases, or rents;

…

S. For loss of or damage to any boat…leased or rented by the Named Assured, or otherwise in your care, custody or control for any purpose not related to the operations described in the insuring agreement of this Coverage Part.

T.   For loss or damage to property used by the Named Assured for rental or chartering purposes.

## MARINA OPERATORS PROTECTION & INDEMNITY

### I.  Insuring Agreement

With respect to any non-owned watercraft covered under the Marina Operators Liability Coverage section which are being operated by the Named Assured or their employees, this Company agrees to pay on behalf of the Named Insured all sums which the Named Assured, as Marina operator, shall become legally obligated to pay:

…

B.  Loss of, damage to or expense in connection with any fixed or movable object, any other non-owned vessel, or property of whatever nature;

…

D.  "Defense Costs" as described in the Commercial Marine Liability General Conditions.

### II. Exclusions
### This insurance does not apply to:

A.  Any loss of, damage to or expense in connection with any property owned or leased by the Named Assured;

…

D. Liability assumed under contract or otherwise an extension of the liability imposed on you by law.

…

F. Demurrage, detention, loss of time…loss of charter, loss of use and/or similar and/or substituted expenses.

G.   Loss, damage…or expense which may be recoverable under any other insurance carried by the Named Assured or by others for account of the Named Assured except insurance covering part of this risk insured in conjunction herewith…

…

M.  Loss or damage to property,…[and/or] watercraft…in which the Named Assured…owns, borrows, leases, or rents…

COMPLAINT FOR DECLARATORY JUDGMENT - Page 18
Case No. _____

{29486-00698851;1}

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WA 98106

85.     At all relevant times, the WEST STAR (ex HARBOR LADY) was bareboat chartered to Seattle Lakes Cruises, Seattle Lakes Cruises used the WEST STAR (ex HARBOR LADY) as a passenger vessel.

86.     At all relevant times, Seattle Lakes Cruises leased and/or rented the WEST STAR (ex HARBOR LADY).

87.     At all relevant times, Seattle Lakes Cruises was not a marina operator.

88.     The WEST STAR (ex HARBOR LADY) was never in Seattle Lakes Cruises' care, custody, or control in the scope of Seattle Lakes Cruises' operations as a marina operator.

89.     In the Underlying Actions, West Star Yacht does not allege the WEST STAR (ex HARBOR LADY) was in Seattle Lakes Cruises' care, custody, or control in the scope of Seattle Lakes Cruises' operations as a marina operator.

90.     Even if the WEST STAR (ex HARBOR LADY) was in Seattle Lakes Cruises' care, custody, or control as a marina operator, coverage for any and all of West Star Yacht's claims made against Seattle Lakes Cruises in the Underlying Actions is precluded by the Marina Operators Liability exclusions and/or the Marina Operators Protection and Indemnity exclusions quoted above.

91.     The Marina Operators Liability and Marina Operators Protection and Indemnity coverage forms do not provide coverage for any of the claims asserted against Seattle Lakes Cruises by West Star Yacht in the Underlying Actions.

92.     The Marina Operators Liability and Marina Operators Protection and Indemnity coverage forms do not require Argonaut to provide Seattle Lakes Cruises with a defense in the Underlying Actions.

COMPLAINT FOR DECLARATORY JUDGMENT - Page 19
Case No. _____
{29486-00698851;1}

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WA 98106

93.     The Marina Operators Liability and Marina Operators Protection and Indemnity coverage forms do not require Argonaut to indemnify Seattle Lakes Cruises in the event Seattle Lakes Cruises is found liable in the Underlying Actions.

## V.  <u>FIRST CAUSE OF ACTION – DECLARATORY JUDGMENT</u>

94.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

95.     An actual and substantial justiciable controversy exists between the parties within the meaning of 28 U.S.C. § 2201 with respect to coverage provided to Seattle Lakes Cruises under Argonaut Policy Nos. KDH-1001-W16,  KDH-1001-W17, KDH-1001-W18, and KDH-1001-W19.  This case is justiciable because Seattle Lakes Cruises sought coverage and defense from Argonaut for the claims made against Seattle Lakes Cruises by West Star Yacht in the Underlying Actions, and Argonaut has declined coverage and declined to provide a defense because the claims alleged by West Star Yacht against Seattle Lakes Cruises are either not covered and/or are expressly excluded under terms of Argonaut Policy Nos. KDH-1001-W16, KDH-1001-W17, KDH-1001-W18, and KDH-1001-W19 and endorsements thereto.

96.     Declaratory relief will clarify the rights and obligations of the parties and is, therefore, appropriate to resolve this controversy.

97.     In this action, Argonaut seeks the following relief:

(a) A declaratory judgment that Argonaut owes no duty to indemnify Seattle Lakes Cruises in connection with the Underlying Actions under Policy Nos. KDH-1001-W16, KDH-1001-W17, KDH-1001-W18, and KDH-1001-W19; and

(b) A declaratory judgment that Argonaut owes no duty to defend Seattle Lakes Cruises in connection with the Underlying Actions under Policy Nos. KDH-1001-W16,

COMPLAINT FOR DECLARATORY JUDGMENT - Page 20
Case No. _____

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WA 98106

KDH-1001-W17, KDH-1001-W18, and KDH-1001-W19.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Argonaut prays as follows:

1.      A declaratory judgment that Argonaut owes no duty to indemnify Seattle Lakes Cruises in connection with the Underlying Actions under Argonaut Policy Nos. KDH-1001-W16,  KDH-1001-W17, KDH-1001-W18, and KDH-1001-W19;

2.      A declaratory judgment that Argonaut owes no duty to defend Seattle Lakes Cruises in connection with the Underlying Actions under Argonaut Policy Nos. KDH-1001-W16,  KDH-1001-W17, KDH-1001-W18, and KDH-1001-W19;

3.      For Plaintiff's costs of suit under Fed. R. Civ. P. 54(d); and

4.      For such other relief as the Court may deem appropriate.


DATED this 5th day of May, 2021

/s/Carey M.E. Gephart
CAREY M.E. GEPHART, WSBA # 37106
/s/Nathan J. Beard
NATHAN J. BEARD, WSBA # 45632
LEGROS BUCHANAN & PAUL
4025 Delridge Way S.W., Suite 500
Seattle, Washington 98106
Telephone:     206-623-4990
Facsimile:      206-467-4828
Email:           cgephart@legros.com
                    nbeard@legros.com
Attorneys for Plaintiff Argonaut Insurance Company

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WA 98106