THE HONORABLE RICARDO S. MARTINEZ

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| ARGONAUT INSURANCE COMPANY, an Illinois corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SEATTLE LAKES CRUISES, LLC, a Washington limited liability company,<br><br>　　　　　Defendant. | IN LAW AND ADMIRALTY<br><br>Case No. 2:21-cv-00606-RSM<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

　　　　Before the Court is Plaintiff Argonaut Insurance Company's ("Argonaut") motion for default judgment. The Court has considered the following:

- Argonaut's Complaint for Declaratory Judgment (Dkt. #1);

- The Argonaut policies, renewal certificates, and endorsements at issue, specifically Argonaut Policy Nos. KDH-1001-W16, KDH-1001-W17, KDH-1001-W18, and KDH-1001-W19. *See* Dkt. # 1-3, Dkt. # 1-4, Dkt. # 1-5, Dkt. # 1-6, Dkt. # 1-7, Dkt. # 1-8, Dkt. # 1-9, Dkt. # 1-10, and Dkt. # 1-11;

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT   - Page 1
Case No. 2:21-cv-00606-RSM
{29690-00739759;1}

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WA 98106

- The Complaints filed by West Star Yacht, LLC ("West Star Yacht") against Seattle Lakes Cruises, LLC ("Seattle Lakes Cruises") in *West Star Yacht, LLC v. Seattle Lakes Cruises, LLC*. *See* Dkt. # 1-1, Dkt. # 1-2; *West Star Yacht, LLC v. Seattle Lakes Cruises, LLC*, W.D. Wash. No. 2:21-cv-00223-RSM, at Dkt. # 64;

- Argonaut's Motion for Default Judgment, and the pleadings and papers on file with the court referenced therein; and

- The applicable law.

Argonaut's Motion for Default Judgment is unopposed. *See* Dkt. Being fully advised, the Court GRANTS Argonaut's motion.

Obtaining a default judgment is a two-step process. <u>First</u>, if a party fails to appear, the clerk must enter that party's default. Fed. R. Civ. P. 55(a). In this case, the clerk already entered Seattle Lakes Cruises' default. Dkt. # 10. <u>Second</u>, upon a party's request or motion, the court may grant default judgment. Fed. R. Civ. P. 55(b)(2); *see Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Default judgment is appropriate if the well pleaded factual allegations of the complaint are sufficient to establish a plaintiff's entitlement to a judgment under the applicable law. *Progressive Direct Ins. Co. v. Rueger*, 2020 U.S. Dist. LEXIS 101745, *5, 2020 WL 3077148 (W.D. Wash. 2020). To determine the plaintiff's entitlement to judgment, "[t]he court must accept all well-pled allegations of the complaint as established fact, except allegations related to the amount of damages." *UN4 Prods., Inc. v. Primozich*, 372 F. Supp. 3d 1129, 1133 (W.D. Wash. 2019) (*citing TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)). If the complaint is sufficient, the court decides whether to grant default judgment by considering the seven factors set forth in *Eitel v.*

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT - Page 2
Case No. 2:21-cv-00606-RSM
{29690-00739759;1}

LE GROS BUCHANAN & PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WA 98106

*McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). *Rueger*, 2020 U.S. Dist. LEXIS 101745, *6.

The facts alleged in Argonaut's Complaint establish Argonaut's entitlement to a declaratory judgment in its favor; Argonaut's Complaint establishes Argonaut Policy Nos. KDH-1001-W16, KDH-1001-W17, KDH-1001-W18, and KDH-1001-W19 do not obligate Argonaut to defend or indemnify Seattle Lakes Cruises in the lawsuit filed against Seattle Lakes Cruises by West Star Yacht (currently pending as *West Star Yacht, LLC v. Seattle Lakes Cruises, LLC*, W.D. Wash. No. 2:21-cv-00223-RSM).  Additionally, the majority of the *Eitel* factors[1] weigh in favor of a default judgment in Argonaut's favor.  Accordingly, the Court GRANTS Argonaut's motion for default judgment against Seattle Lakes Cruises.  The Court hereby enters a DECLARATORY JUDGMENT that Argonaut does not owe Seattle Lakes Cruises defense or indemnity for the claims made against Seattle Lakes Cruises by West Star Yacht in the Underlying Action under Argonaut Policy Nos. KDH-1001-W16, KDH-1001-W17, KDH-1001-W18, and KDH-1001-W19.

DATED this 16th day of September, 2021

*[signature]*
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The *Eitel* factors are (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT   - Page 3
Case No. 2:21-cv-00606-RSM
{29690-00739759;1}

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WA 98106

*Proposed order presented by*:
*/s/ Carey M.E. Gephart*
CAREY M.E. GEPHART, WSBA # 37106
*/s/Nathan J. Beard*
NATHAN J. BEARD, WSBA # 45632
LEGROS BUCHANAN & PAUL
4025 Delridge Way S.W., Suite 500
Seattle, Washington 98106
Telephone:     206-623-4990
Facsimile:      206-467-4828
Email:            cgephart@legros.com
                       nbeard@legros.com
Attorneys for Plaintiff Argonaut Insurance Company

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT   - Page 4
Case No. 2:21-cv-00606-RSM

{29690-00739759;1}

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WA 98106